*89 N. J. Eq.*    In re Hedenberg's Estate.

In the matter of the estate of JESSE CHARLES HEDENBERG, deceased.

[Submitted June 21st, 1918.    Decided June 24th, 1918.]

Testator bequeathed part of his estate to his sister, who predeceased him, leaving a son and daughter who survived the testator.—*Held*, that the transfer inheritance tax is imposed upon the direct succession of the nephew and niece at the rate of five per centum and not upon the bequest to the deceased sister, subject to exemption and a reduced rate.

On appeal from an assessment of an inheritance tax.

*Mr. James Gillin* (of the New York bar), for the appellant.

*Mr. Herbert W. Boggs,* assistant attorney-general, for the state.

BACKES, VICE-ORDINARY.

The decedent by his will gave the residue of his estate to his four brothers and sisters in equal shares. One of the sisters predeceased him, leaving a son and daughter, who survived the testator and took one-quarter of the estate, appraised by the comptroller at $9,084.13. Upon the several successions of the nephew and niece of $4,542.07, an inheritance tax was levied at five per cent. (5%), $227.10. From these assessments the executor appeals, contending that the legacy should have been treated as a bequest to the testator's sister and that the tax should have been levied upon the successions as though the sister had survived the testator, viz., by first allowing a sister's exemption of $5,000, and taxing the balance of $4,084.13 at the rate of two per cent. (2%), $81.68.

The beneficiaries acquired the estate by virtue of the testator's will, supplemented by section 22 of the "Act concerning wills" (*Comp. Stat. p. 5866*), which provides, amongst other things, that a devise or bequest to a brother or sister dying in the lifetime of the testator, leaving children surviving the testator, shall

not lapse, but the estate so devised or bequeathed shall vest in such children "in the same manner as if such legatee or devisee had survived the testator or testatrix, and had died intestate."

The Transfer Inheritance Tax act (*Comp. Stat. p. 5301*), as amended in 1914 (*P. L. 267*), imposes a tax of five per cent. (5%) upon the clear market value of property transferred by the will of a resident decedent. In case the transfer is to a sister, an exemption of $5,000 is allowed, and the rate is cut to two per cent. (2%) on the excess.

The argument in support of the proposition that the legacy should be treated as a bequest to the testator's sister is rested, mainly, upon the construction placed upon the statute in *Denise v. Denise, 37 N. J. Eq. 163,* where the question presented was "Whether the person whom our statute, in such an event as that which has happened in this case, puts in the place of the legatee named in the will, takes subject to the debts of the primary legatee *to the testator's estate.*" In holding that the funds of the estate should not be impaired and that the legacy was to be treated as though the legatee named in the will had not died, Vice-Chancellor Van Fleet says: 'The statute-made legatee is a mere substitute; he is thrust, by force of the statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee. He takes the primary legatee's place, as a beneficiary under the will, and should, according to the ordinary rule prevailing in like cases, bear his burdens, and be subject to the equities which would have existed against him.  *  *  * Statutes must always be construed so as to give effect to the intent and object of the legislature, and this one, I think, must be so read as to cure the mischief it was intended to remedy— that is, it should be held to put the substituted legatee in the place of his parent, and to give him just what his parent would have been entitled to, subject to the same equities that his parent would have been subject to, and bound by the same rules of justice that his parent would have been bound by. He must take in the same manner that his parent would have taken." In the later case of *Suydam v. Voorhees, 58 N. J. Eq. 157,* which in-

volves the question whether the substituted legatee took the bequest charged with the debts of the testamentary legatee, Vice-Chancellor Reed pointed out that the rule in the *Denise Case* applies only as between the estate and the statutory legatee, and commenting upon the language above quoted, says: "The last sentence contains the pith of the rule as between the testator and the statutory legatee. The latter takes what the testamentary legatee would have taken. It does not mean that the deceased legatee takes an interest in the legacy which passes through him to his child, and which, in passing, is liable to be seized upon by the creditors or the personal representatives of the father. Such a meaning would be contrary to the words of the act. Under the statute there is no vesting in the father for an instant. The legacy, which would have vested in the father had he lived, is by the statute vested in the first instance in the son. In respect to it there is nothing for the personal representatives of the father to administer nor for his creditors to reach." The rules laid down in these cases are not antagonistic nor conflicting in principle and to adopt either or both leads to the same result in the present controversy. The inheritance tax is imposed upon the *transfer* of the estate of decedents, and it is immaterial by what particular means afforded by law the property passes from the dead to the living, or what the character or quality of the legal vehicle is by which the transmission is accomplished; provided, of course, the method employed is one upon which the taxing power operates. As between kindred, the relationship that the deceased bore to the beneficiary fixes the exemption and measures the rate of taxation. Nephews and nieces are not within the exempt class and under the statute they rate as do strangers.

The assessment will be affirmed.